**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MARKEL JASON McDANIEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 2:23-CV-343-MHT-CSC** |
| | ) | |
| | ) | |
| **CAM WARD**, *et. al*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION[1]

Plaintiff, Markel Jason McDaniel, an inmate incarcerated at the Limestone Correctional Facility in Harvest, Alabama brings this 42 U.S.C. § 1983 action against Cam Ward, John Q. Hamm, Leigh Gwathney, Darryl Littleton, and Dwayne Spurlock, Cliff Walker, members of Alabama Board of Pardons and Paroles. McDaniel complains Defendants "have failed to reinstate plaintiff's parole after he petitioned the Circuit Judge Greg Griffin with the violations and proof that he no longer had any criminal convictions which formed the basis of his parole revocation."  (Doc. 1 at p. 3).  He further claims that the Parole Board members "continue[s] {sic} to allow plaintiff to suffer with incarceration set at a period sometime in the year 2027 when they are all privy that the basis which formed the revocation/violation of his parole has been dismissed."  *Id.*  He seeks compensatory damages and also asks this court to declare that "[p]arole members are not

---

[1] All documents and attendant page numbers cited in this Recommendation are those assigned by the Clerk in the docketing process.

following their own rules, regulations and thus violating my due process rights . . . and [to order his] *immediate* release from custody due to the fact that all criminal offenses used to revoke/violated my parole have also been dismissed." (Doc. 1 at p. 4). (Emphasis added.) Upon review, the Court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## II. DISCUSSION

### A.    Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)

Because McDaniel is proceeding *in forma pauperis*, the Court reviews his Complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative

---

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

defense would defeat the claim such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,  557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face

of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While, the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. Finally, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

**B.    Parole Claim**

McDaniel complains Defendants violated his constitutional rights by their decision to not reinstate his parole. According to the complaint, Plaintiff claims that Defendants continue to refuse to consider his release from incarceration until 2027, despite their knowledge that the underlying false charge of robbery, which formed the basis of his parole revocation, has been dismissed. (Doc. 1 at p. 3). He specifically seeks "immediate release from custody due to the fact that all criminal offenses used to revoke/violate my parole have also been dismissed". (Doc. 1 at p. 4). In accordance with settled law, McDaniel's claim alleging the improper denial of parole and his claim of entitlement to "immediate"

release on parole are not properly before the Court in a 42 U.S.C. § 1983 action.  *Edwards v. Balisok,* 520 U.S. 641 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Federal law provides that claims challenging an alleged improper denial of parole and seeking release from imprisonment should be raised in a 28 U.S.C. § 2254 petition for writ of habeas corpus.  *See Heck,* 512 U.S. at 481 (explaining that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and [a ruling in his favor would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Edwards,* 520 U.S. at 645 (holding that the "sole remedy in federal court" for a state prisoner challenging the constitutionality of his incarceration is a petition for writ of habeas corpus.); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his current incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]").  The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Balisok*, 520 U.S. at 649.

Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and clarified that the prisoners' challenge in *Wilkinson*, which would invalidate the parole eligibility procedures and "would not necessary spell immediate or speedier release for the prisoner" was only cognizable under § 1983.  *Id.* at 81. Citing *Wilkinson,* the Eleventh Circuit affirmed that a petitioner's claim alleging the Florida Parole Commission committed an ex post facto

violation by allowing parole review only every two years, when it had been allowed every year under the guidelines in effect at the time petitioner was convicted, was not cognizable under 28 U.S.C. § 2254, but must be addressed in a § 1983 action. *Thomas v. McDonough*, 228 Fed. App'x 931-932 (11th Cir. 2007).  In the instant action, Plaintiff's complaint clearly seeks "immediate release from custody due to the fact that all criminal offenses used to revoke/violate my parole have also been dismissed." (Doc. 1 at p. 4).  Accordingly, the court concludes that Plaintiff's challenge to his revocation of parole and immediate release go to the fundamental legality of his confinement and are not cognizable under § 1983 action.

Indeed, the principles espoused in *Heck* and *Balisok* foreclosing review of claims which go to the fundamental legality of a prisoner's confinement in a 42 U.S.C. § 1983 action apply when an inmate is challenging his confinement due to the denial of parole. *See Green v. McGill-Johnston*, 685 F. App'x 811, 812 (11th Cir. 2017) (holding that Plaintiff's "allegations, if proven true, would have necessarily implied the invalidity of [the adverse parole decision] . . . and his resulting imprisonment. . . .  Because [Plaintiff's] allegations would imply the invalidity of his confinement, the *Heck*-bar applies and [Plaintiff's] § 1983 claims must be dismissed."); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (holding that the district court properly dismissed Plaintiff's § 1983 complaint challenging an adverse parole decision where the challenged "decision has not been reversed, expunged, set aside, or called into question, as *Heck* mandates.").

McDaniel's challenge to Defendants' decision to deny him parole has not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. Under the circumstances of this case, *Heck* and its progeny bar McDaniel's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of the decision to deny him parole. *Heck*, 512 U.S. at 489 (explaining that "[w]e do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [challenged decision] is reversed, expunged, invalidated, or impugned by the grant of a [federal] writ of habeas corpus [or some appropriate state court action]."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) (observing that "*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, McDaniel's challenge to the constitutionality of Defendants' decision to deny him release on parole and his current imprisonment based on such denial is not cognizable in this civil action as it provides no basis for relief at this time. The Complaint is therefore due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

---

[3] McDaniel is advised that any federal petition for writ of habeas corpus he files is subject to the procedural limitations imposed upon such petitions, in particular, the exhaustion of state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus [filed] on behalf of a [state inmate] shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]").

## III.  CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS the Complaint be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii) as the claims presented currently provide no basis for relief in this cause of action.

On or before **August 1, 2023**, Plaintiff may file objections to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 18th day of July 2023.

    /s/    Charles S. Coody
UNITED STATES MAGISTRATE JUDGE